UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATHLEEN M. HORSKY

    Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security

    Defendant.

No. 14 C 2131
Judge James B. Zagel

## MEMORANDUM ORDER AND OPINION

Plaintiff Kathleen M. Horsky asks this Court to remand her case to the Social Security Administration based on new evidence about one of her treating doctors, Dr. Bina Oommen. For the reasons discussed below, the Court grants this remand pursuant to sentence six of 42 U.S.C. § 405(g).

## OVERVIEW OF THE CASE

Horsky seeks judicial review of a final decision of the Commissioner of Social Security which found that she was not entitled to a period of disability or disability insurance benefits under Title II of the Social Security Act. *See* 42 U.S.C. §§ 416(i), 423.

Horsky filed an application for a period of disability and disability insurance benefits on April 25, 2011. In her application, she alleged that she became disabled on June 23, 2006. Her application was denied and she sought a hearing before an Administrative Law Judge (ALJ). A hearing was held on July 19, 2012 where Horksy, a medical expert, and a vocational expert testified.

On November 19, 2012, an ALJ found that Horsky was not disabled and could perform a

significant number of jobs in the national economy. In making this determination the ALJ relied in part on the opinion and observations of Dr. Bina Oommen. Plaintiff requested review of the ALJ's decision, but the Appeals Council denied review, making the ALJ decision the final decision of the Commissioner.

Horksy filed a Motion for Summary Judgment on August 20, 2014, seeking a remand to a new ALJ, alleging various errors made by the ALJ. After the Commissioner responded to that motion, Horsky cited a new reason for remand in her reply brief – the existence of new evidence. In open court on September 15, 2016, Horksy's attorney requested that the Court remand the case in light of new evidence, and the attorney for the Commissioner agreed that such a remand was appropriate. I now grant Horsky's oral motion for remand and stay the motion for summary judgment pending a reconsideration of Horsky's case by the ALJ in light of this new evidence.

## STANDARD OF REVIEW

In light of the existence of new evidence brought forward after Horsky's initial filing for summary judgment, I review Horsky's motion for remand sought pursuant to the sixth sentence of 42 U.S.C. § 405(g), which provides:

> [The Court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding

42 U.S.C. § 405(g)

Evidence is material "if there is a reasonable possibility that it would have changed the outcome of the Secretary's determination." *Sears v. Bowen*, 840 F.2d 394, 400 (7th Cir. 1988). Evidence is new if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).

**ANALYSIS**

Horksy argues that a remand should be ordered in light of new evidence about Dr. Oommen. After Horsky's case arrived in this Court, the State of Illinois, Department of Financial and Professional Regulation filed a Complaint against Dr. Oommen. In that Complaint, the Department of Financial and Professional Regulation has asked that Dr. Oommen's physician's license be revoked, suspended, placed on probation, or otherwise disciplined. I agree that a remand is appropriate in light of this Complaint.

The Department's Complaint is material because the ALJ considered Dr. Oommen's observations when evaluating Horsky's case. Dr. Oommen reported that Horksy appeared to be over-exaggerating her symptoms. He said he had a concern that Horsky's symptoms were for secondary gain or to acquire social security benefits. He accused Horsky of trying to "buddy up" with him. He concluded that she had reversible issues and could handle a number of jobs in the workforce. Dr. Oommen cleared Horsky to work at a low-impact job for 35-40 hours a week. When the ALJ considered Dr. Oommen's observations, the ALJ explained, "I do not see any legitimate basis to question the veracity of Dr. Oommen's explanation."

The Complaint filed by the state regulatory board may provide a basis to question the veracity of Dr. Oommen's observations. Even though Dr. Oommen intends to fully contest the allegations in the Complaint, the existence of a complaint filed by a state regulatory board against Dr. Oommen is a piece of material evidence that may influence an ALJ's veracity determination. There is a reasonable probability that the Commissioner would have reached a different conclusion in Horksy's case if there was additional reason to question Dr. Oommen's reliability.

This evidence is new because the Complaint against Dr. Oommen was not filed until

October 28, 2014. Thus the filing took place after this case arrived in this Court on March 26, 2014. This timing also provides the good cause required under § 405(g) as the Department's Complaint could not have been placed into the prior record when it had not yet been filed.

Because this remand is granted pursuant to the sixth sentence of § 405(g) rather than the fourth sentence of § 405(g), the court "does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Rather the case is returned to the agency for additional administrative proceedings, a course of action both parties have agreed to.

## CONCLUSION

For the reasons stated above, Plaintiff's oral motion for remand is granted pursuant to sentence six of 42 U.S.C. § 405(g). The case is remanded with instruction to reopen Horsky's claim for reconsideration by the Commissioner in light of new and material evidence about Dr. Oommen. The Court declines to address Horsky's Motion for Summary Judgment until the new evidence is considered in administrative proceeding.

ENTER:

*[signature: James B. Zagel]*

James B. Zagel
United States District Judge

DATE: November 22, 2016